**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                      Criminal No. 09-cr-018-01-PB

Paul Hewitt

**O R D E R**

On November 17, 2010, the defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on three alleged violations of conditions of supervision.  The defendant stipulated to probable cause on the violations.  I therefore find probable cause to support the alleged supervised release violations.

The defendant requested bail conditions pursuant to Rule 32.1(a)(6).  Under Rule 32.1(a)(6), the defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community.  Based on the proffers presented at the hearing, I find the defendant has failed to meet this burden and that there are no conditions which are likely to assure his presence and the safety of the community.

In short, the defendant did not contest any of the following facts supporting the alleged violations: that he consumed alcohol

on September 5th; that he has failed to call in for daily drug testing reporting instructions since September 6th; that he failed to provide a urine sample on September 7th; and that he failed to notify his probation officer within seventy-two (72) hours of his contact with the Gilford Police Department and New Hampshire State Police on September 6th.  He also did not rebut the following facts set forth in the Notice of Violation and Affidavit in Support of Warrant: that he was released from incarceration into probation supervision on August 11, 2010; that he did not return to his mother's residence after September 6th; that he had told his mother on September 6th while packing a duffle bag that he was not coming back to her residence; that his mother refused to tell the probation officer where the defendant was residing; that the defendant has had no contact with his probation officer since on or before September 7th.

   During the course of the hearing, the defendant maintained that on some unspecified date, he voluntarily relocated to Massachusetts to obtain methadone treatment.  He argued that, in his opinion and based on his prior experience while on probation, he needed methadone to control his drug addiction.  He also maintained that he took this unilateral action to leave New Hampshire because his probation officer had not responded to his

requests for methadone treatment. The court finds the defendant's arguments to be unconvincing and do not satisfy his burden to establish by clear and convincing evidence that he does not present a risk of flight or danger to the community.

The defendant had been on supervision for less than a month before he left the jurisdiction. He already had one meeting with a Horizons Counseling Center counselor, who was evaluating the defendant's treatment needs, and had a second visit scheduled on or around September 7th. His probation officer had specifically directed the Horizons' counselor to consider whether the defendant was a proper candidate to receive methadone treatment. The probation officer testified that such a determination is usually made after the second or third evaluation meeting. Thus, even if the court were compelled by the defendant's argument that self-help was required to obtain expedited methadone treatment, which it is not, his argument is not supported by the evidence or logic. Additionally, although not a drug treatment expert, the court also questions the logic of the defendant's assertion that he needed methadone treatment at all as he had presumptively been drug free for the duration of his federal incarceration period without the benefit of methadone. Finally, the defendant provided no documentation or proof that he was in treatment in

Massachusetts, although it would not change the court's decision if he had, and he admitted to his probation officer prior to the hearing that he would test positive for marijuana use.  Even if the court were to assume the defendant's excuse for leaving the jurisdiction to be credible, which it does not on the proffers presented, he cannot be permitted to act as the court, probation officer, treatment provider and probationer and <u>sua</u> <u>sponte</u> decide where he wants to reside and what type of substance abuse treatment he will receive.

   The defendant admitted he voluntarily left New Hampshire and made no attempt to contact his probation officer for permission to do so or to otherwise disclose his whereabouts.  While certainly not dispositive on the detention issue, it is worth noting that his absence from New Hampshire also corresponds to his suspected involvement in the incident involving a stolen vehicle and police chase as referenced in the Notice of Violation.  Although not presently charged with any criminal offense related to those allegations, this alleged factual scenario would support an inference that the defendant's flight to Massachusetts was to avoid a criminal prosecution or a probation violation rather than to receive methadone treatment.  This inference is strengthened by the fact that the day following

the alleged incident (September 6th), the defendant apparently told his mother while packing a duffle bag that he was not coming back to her residence and then fled the jurisdiction.  Lastly, the defendant has a significant history of substance abuse and a wide ranging and extensive criminal record, with various of his offenses involving physical risks to the community (e.g. high speed chase with police resulting in an accident, resisting arrest, etc.).

Taken as a whole, and for the reasons more fully developed on the record, the court finds the defendant has failed his burden on the detention issue and he will be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

                                                /s/ Daniel J. Lynch
                                                Daniel J. Lynch
                                                United States Magistrate Judge

Date:  November 18, 2010

cc:    Mark S. Zuckerman, AUSA
       Benjamin L. Faulkner, Esq.
       U.S. Marshal
       U.S. Probation